IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DONALD RAY GARNER                                                                              PLAINTIFF

vs.                                            Civil No. 6:08-cv-06060

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Donald Ray Garner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for DIB on August 3, 2005.  (Tr. 11, 66-70).  Plaintiff alleged he was disabled due to heart disease, high blood pressure, diabetes, high cholesterol, arthritis, and acid reflux.  (Tr. 128).  Plaintiff alleged an onset date of April 30, 2003.  (Tr. 11, 66-70).  This application was initially denied on September 9, 2005 and was denied again on reconsideration on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

January 18, 2006. (Tr. 29-30).

On February 14, 2006, Plaintiff requested an administrative hearing on his application. (Tr. 31). In this request, Plaintiff stated the following: "I am permanently & totally disabled." *See id.* This hearing was held on April 5, 2007 in Hot Springs, Arkansas. (Tr. 238-263). Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-four (54) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had received his high school diploma. *See id.*

On February 13, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2008. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 2003, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetes, coronary artery disease, hypothyroidism, arthritis, and hypertension. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations

were not totally credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for light work. *See id.* According to the Social Security Regulations ("Regulations"), "light work" involves the following:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567 (2006).

The ALJ then proceeded to Step Four of the Analysis and evaluated whether Plaintiff would be able to return to his PRW. (Tr. 16, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 238-263). Specifically, Plaintiff and the VE testified that Plaintiff's PRW included work as a restaurant manager (light, skilled work). (Tr. 242-243, 261). The ALJ determined, considering his RFC for light work, that Plaintiff would be able to perform this PRW as a restaurant manager. (Tr. 16, Finding 6). Thereafter, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 30, 2003 through the date of his decision or through February 13, 2008. (Tr. 16, Finding 7).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On May 5, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On June 6, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on June 18, 2009. (Doc. No. 4). Both parties

have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in determining he did not have an impairment or a combination of impairments that met or equaled one of the Listings; (B) the ALJ erred in assessing his credibility; (C) the ALJ erred in evaluating his RFC; and (D) the ALJ did not fully and fairly develop the record. (Doc. No. 7, Pages 2-20). In response, Defendant argues that Plaintiff did not establish that his impairments met or equaled the requirements of any of the Listings. (Doc. No. 8, Pages 3-4). Defendant argues that the ALJ properly assessed Plaintiff's credibility. *See id.* at 7-9. Defendant also argues that the ALJ properly assessed Plaintiff's RFC and properly determined he retained the RFC for light work. *See id.* at 4-7.

Because this Court finds the ALJ failed to properly evaluate Plaintiff's RFC, this case must be reversed and remanded.

Plaintiff claims the ALJ erred in assessing his RFC. (Doc. No. 7, Pages 10-15). Specifically, Plaintiff claims the ALJ erred by improperly disregarding the opinion of his treating cardiologist, Dr. Stan Josef, M.D. *See id.* In response, Defendant claims the ALJ's RFC determination is supported by substantial evidence in the record. (Doc. No. 8, Pages 4-7). Defendant argues that Plaintiff's physical examinations were "consistently negative for significant abnormalities" and that Dr. Josef "regularly described Plaintiff's cardiac condition as 'stable' and noted that he had 'stable exercise tolerance.'" *See id.* Defendant also argues that the opinions of Dr. Josef were properly considered and discounted after the ALJ's review of the entire record. *See id.*

Based upon a review of the transcript and briefing in this case, this Court finds the ALJ improperly discounted Dr. Josef's opinion of Plaintiff's limitations due to his heart condition and failed to properly assessed Plaintiff's RFC. Dr. Josef is Plaintiff's treating cardiologist. (Tr. 112-126, 140-143, 159-233). On April 3, 2006, Dr. Josef completed a "Cardiac Residual Functional Capacity Questionnaire." (Tr. 140-143). As a part of that questionnaire, Dr. Josef found that, due to his heart limitations,[2] Plaintiff would need *to avoid moderate exposure to extreme cold and heat; avoid concentrated exposure to wetness, humidity, noise, and hazards; and avoid all exposure to fumes, odors, dusts, gases, and poor ventilation*. *See id.* (emphasis added).

These environmental restrictions are undisputed.[3] These limitations are also nonexertional

---

[2] These environmental limitations were found as a result of Plaintiff's heart disease in combination with Plaintiff's other impairments. (Tr. 140).

[3] This Court could find no evidence disputing these findings, and Defendant has not offered any such evidence. *See* Doc. No. 8.

6

limitations. *See* 20 C.F.R. § 416.969a. However, despite the existence of these undisputed, nonexertional limitations, the ALJ still found Plaintiff retained the RFC to perform the *full range of light work* with no nonexertional limitations. (Tr. 13-16, Finding 5). This finding was made in error and is not supported by substantial evidence in the record. Because the ALJ failed to properly assess Plaintiff's RFC and failed to properly incorporate Dr. Josef's findings regarding Plaintiff's nonexertional limitations, the ALJ also erred in finding Plaintiff retained the RFC to perform his PRW. Significantly, the ALJ's PRW determination was based upon his RFC determination, and because the ALJ improperly assessed Plaintiff's RFC, the ALJ also improperly determined Plaintiff could perform his PRW. Accordingly, the ALJ's disability determination is not supported by substantial evidence, and this case must be reversed and remanded.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th day of July, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE